IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- |
| v. | : | DATE FILED: March 21, 2024 |
| HENRY YOUNG | : | VIOLATION: 18 U.S.C. § 152(2) (false statement under oath – 1 count) |

**INDICTMENT**

**COUNT ONE**

**THE GRAND JURY CHARGES THAT:**

**BACKGROUND**

At all times relevant to this indictment:

1. Individuals could file for bankruptcy under Chapter 13, 11, or 7 of the U.S. Bankruptcy Code, while corporations were permitted to file for bankruptcy under Chapter 11 or 7 of the Bankruptcy Code.

2. A Chapter 13 bankruptcy was also called a wage earner's plan. It enabled an individual (the "debtor") with regular income to develop a plan to repay all or part of their debts. Under Chapter 13, a debtor proposed a repayment plan to make installment payments to creditors over three to five years. During this time the law forbade creditors from starting or continuing collection efforts. A Chapter 13 bankruptcy case could only be filed by an individual with "regular income."

3. Chapter 13 offered individuals several advantages over liquidation under Chapter 7, including the opportunity to save their homes from foreclosure. By filing under this

Chapter, individuals could stop foreclosure proceedings and perhaps cure delinquent mortgage payments over time.

4. Because Chapter 13 required a debtor to be able to make payments to creditors, a filing under this section depended on a debtor's honesty regarding his current and future income.

5. Debtors who filed bankruptcy petitions under any Chapter of the Bankruptcy Code were also required to complete and file various Schedules. These included a Schedule B, "Personal Property"; Schedule C, "Property Claimed as Exempt"; Schedule D, "Creditors Holding Secured Claims"; Schedule F, "Creditors Holding Unsecured Non-Priority Claims"; and Schedule G, "Executory Contracts and Unexpired Leases."

6. All debtors who filed a bankruptcy case were also required to complete a Statement of Financial Affairs. The Statement of Financial Affairs required a debtor to disclose financial data, including all income from any source received within the two years preceding the commencement of the bankruptcy case; payments or transfers to any creditor made within 90 days preceding the commencement of the case; and all other property transferred (other than in the ordinary course of business) either absolutely or as security within the one years immediately preceding the commencement of the bankruptcy case.

7. Additionally, a debtor who filed for bankruptcy was required to submit a declaration, under penalty of perjury, that he had read the summary and schedules that he was submitting, and that they were true and correct to the best of his knowledge, information, and belief.

8. To determine the length of a debtor's plan and how much he would be required to pay to creditors each month, a Chapter 13 debtor was required to complete Official Form 122C, "Chapter 13 Calculation of Your Disposable Income," and Official Form 122C-1, "Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period." Debtors signed both these forms under the penalty of perjury. Together, the forms required disclosure of a debtor's average monthly income for the six months preceding the bankruptcy case and monthly expenses, which were then used to calculate the debtor's required monthly plan payment.

9. In the United States Bankruptcy Court for the Eastern District of Pennsylvania, when a debtor filed a Chapter 13 bankruptcy case, the case was automatically assigned to one of the two standing Chapter 13 trustees in the district. The Chapter 13 trustee was responsible for, among other things, investigating the financial affairs of the debtor and making reports to the Bankruptcy Court. As part of the process, the Chapter 13 trustee conducted the section 341 meeting of creditors to examine the debtor's financial position and to confirm the facts stated by the debtor in the bankruptcy filing. The Chapter 13 trustee also served as a case disbursing agent by collecting payments from debtors and making distributions to creditors.

**HENRY YOUNG'S BANKRUPTCY PROCEEDING**

10. On or about February 1, 2019, defendant HENRY YOUNG filed a voluntary petition for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The case was docketed as *In re Henry Young, Debtor, Bankr. No. 19-10658*. The bankruptcy filing stayed a pending foreclosure action filed by U.S. Bank

3

National Association (Trustee for the Pennsylvania Housing Finance Agency) against defendant YOUNG.

11. On or about February 28, 2019, defendant HENRY YOUNG filed his bankruptcy schedules, statement of financial affairs, and declaration concerning the schedules, all of which were docketed as document 10 in case no. 19-10658. The bankruptcy schedules required defendant YOUNG to provide an accurate listing of his assets and liabilities as of the date of the bankruptcy filing, while the statement of financial affairs required defendant YOUNG to set forth changes in his prepetition financial condition for a period of several years before the bankruptcy filing.

12. On his Schedule I (Income), filed on February 28, 2019, defendant HENRY YOUNG falsely stated that he worked for Paris Enterprises as a manager and had worked there since October 2018. Defendant YOUNG also falsely stated that he earned approximately $7,783 per month from Paris Enterprises.

13. On or about April 17, 2019, defendant HENRY YOUNG testified at a meeting of creditors held pursuant to 11 U.S.C. § 341. Prior to testifying, defendant YOUNG took an oath to tell the truth.

14. During the meeting of creditors, the Chapter 13 trustee assigned to defendant HENRY YOUNG's case asked defendant YOUNG whether the information contained in defendant YOUNG's petition, schedules, and statements was true and correct. Defendant YOUNG responded, "yes." The Chapter 13 trustee asked defendant YOUNG about the 341 Information Request Form that defendant YOUNG filled out that day. This form, which defendant YOUNG signed, stated that defendant YOUNG worked for Parris (spelled differently

4

than on Schedule I) Enterprises. Defendant YOUNG acknowledged his signature on the form and the statement that he worked for Parris Enterprises. Defendant YOUNG also described Parris Enterprises as a hair salon. Defendant YOUNG provided the Chapter 13 Trustee three pay stubs ostensibly from Illuminations Salon, which was owned by Paris Enterprises.

15. On or about April 17, 2019, in the Eastern District of Pennsylvania, defendant

**HENRY YOUNG**

knowingly and fraudulently made a false statement under oath in a material matter in relation to a case under Title 11 of the United States Code, namely, *In re Henry Young, Debtor, Bankr. No. 19-10658*, in that defendant YOUNG testified under oath at the Section 341(a) debtor's examination and stated that the schedules he filed with the United States Bankruptcy Court for the Eastern District of Pennsylvania were true and correct, when, in fact, he well knew that Schedule I was false in that he never worked for or was paid by Paris Enterprises.

In violation of Title 18, United States Code, Section 152(2).

A TRUE BILL:

███████████████

*Christine E. Ayers for*
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No._ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

HENRY YOUNG

INDICTMENT

Counts
**18 U.S.C. § 152(2) (false statement under oath – 1 count)**